## WILSON *v.* ST. LOUIS & S. F. RY. Co. and others.[1]

*(Circuit Court, E. D. Missouri.* September 25, 1884.)

1. REMOVAL OF CASES BY A PARTY WHERE CO-DEFENDANT OR CO-PLAINTIFF IS NOT ENTITLED TO REMOVAL.

  · Where a non-resident party has an interest in a controversy in a state court which is separate and distinct from, and does not necessarily involve the interest of, the other defendants in the issue or the other party on the same side, he can remove the case into the federal court; but if the interests of the parties on the side of the party desiring the removal are so identified and mixed up that they must and should be decided together, and the final decree must depend upon and involve the rights of both parties, then it cannot be removed, where one of the parties on that side is a citizen of the same state as the adverse party.

2. SAME—PARTIES—CASE STATED.

  A., after recovering a judgment against B., a corporation, had an execution returned *nulla bona*, and then took proceedings under the Missouri law to subject the stockholders to personal liability, and in those proceedings obtained an order against C., and had an execution issued against him, under which the sheriff levied upon and sold certain shares of stock standing in C.'s name on the books of a corporation called D. A. purchased some of the stock and received certificates of sale from the sheriff, and finding the stock unavailable because D. would not recognize him as a stockholder, he instituted suit in the state court to compel D. to acknowledge him as the owner of the stock, to have it registered in his name on the company's books, and to permit him to receive dividends, and he made C. a party on the ground that the stock stood in his name on D.'s books, C. filed an answer claiming that he had sold said stock and delivered the certificates therefor to the purchaser prior to the time said judgment was rendered against him and had no interest in the stock at the time of said sheriff's sale and has none now. D. and A. are citizens of Missouri, C. of New York, and, the case having been removed to this court, A. moved to remand it, *held* that, under the rule as above stated, the case must be remanded.

3. PRACTICE IN SUPREME COURT AS TO REMANDED CASES.

  *Semble,* that remanded cases, if taken up, are advanced and heard out of their order in the supreme court, on motion.

[1]Reported by Benj. F. Rex, Esq., of the St. Louis bar.

Motion to Remand.

*Jas. S. Botsford*, for plaintiff.

*Jas. O. Broadhead* and *John O'Day*, for defendants.

MILLER, C. J., (*orally.*)   The case of *Wilson* v. *The St. Louis &* *San Francisco Railway Company and the Seligmans*, submitted to us yesterday, on a motion to remand, was brought in the state courts and removed here.   The question is presented in this manner:   Wilson, who had recovered a judgment against the Memphis, Carthage & Northwestern Railroad Company, had an execution returned "no property found," and then took proceedings under the law of Missouri concerning such cases to subject the stockholders to personal liability, and in those proceedings he obtained an order against the Seligmans, with an execution issued against them for some twenty odd thousand dollars.   Under that execution the sheriff levied upon and sold certain stock standing in their names on the books of the St. Louis & San Francisco Railroad Company, and gave the usual certificates of sale.   Mr. Wilson, finding that certificate unavailable, because the St. Louis & San Francisco Railroad Company would not recognize his right in the premises, filed this petition in the state court in the nature of a bill in chancery to compel the railroad company to acknowledge his interest in the stock, to have it registered on their books in his name, and to permit him to receive dividends, vote, and otherwise exercise the functions of a stockholder in that company.   He also made the Seligmans parties, on the ground that the stock stood in their names on the books of the company, and averring that he had acquired their interest, and in that state of case the Seligmans filed their answer.   In this they stated that they did not own the stock at the time the judgment was rendered against them, nor at the time of the sale to Wilson, but had parted with it, and that the certificates were then, and ever since had been, in the hands of persons to whom they sold, whose names they do not give; that it was sold in the ordinary business way, by indorsement with blank power of attorney; and that they do not know where it is; at all events, they assert very roundly that they have no interest in the stock itself, although it stood in their names on the books at the time of filing the answer of the railroad company.

Application was made by Seligman, as a citizen of New York, on the ground of his citizenship in that state, to transfer the case to this court, and it was done, by order of the state court.   It is now moved to remand it on the ground that it was not a removable cause, and the question that is presented is rather a question of fact than any needed new construction of the law on the subject of removal, for the courts have decided—and it has been decided frequently, so that the doctrine must be pretty well established at this time—that if a non-resident party has an interest in a controversy which is separate and distinct, and does not necessarily involve the interest of the other defendants in the issue, or the other party on the same side,

he can remove the whole case into the federal courts. On the other hand, if the interests of the other parties are so identified and so mixed up that they must and should be decided together, and depend on the final decree, which must depend upon and involve the rights of both parties, then it cannot be removed, where one of the parties is a citizen of the same state with the plaintiff or defendant.

I think such is the case here. The main relief sought which would satisfy Wilson is that he be placed on the books of the St. Louis & San Francisco Railroad Company as the owner of that stock. To do that, that company has something to do. They resist him. The powers of this court are called into operation to compel them to do that thing. Whether they should do it or not depends upon the fact of whether Wilson is the rightful owner of the stock, and that depends upon whether the sale of the stock was properly made, and whether he (Wilson) acquired the right to the stock which stood in the name of the Seligmans, on the books of the railroad company, as the owners of the stock ought to be bound by any decree which makes the transfer out of their name into Wilson's name. If they are not bound by it the act is of very little value to Wilson. If they can go on and show they owned the stock, or that some vendee of theirs owned the stock, why Wilson gets no good of the decree. He has the right, therefore, that the question in whose name the stock shall stand on the book of the company shall be before the court, and that the decree shall bind him at the same time that it binds the railroad company. The act to be done, the interests sought to be enforced against both these parties affects both, and both should be bound by it, and therefore it is a case not transferable to the circuit court of the United States, because the railroad company is a citizen of the same state with Wilson, the plaintiff. The case will be remanded.

I wish to suggest, however, as I have done several times of late on the circuit, that in these cases of removal, when remanded, if the court commits an error it is speedily remediable in the supreme court of the United States. Take this particular case in which the order to remand is made. The other party can take a writ of error to-morrow, have the record filed in the supreme court of the United States on the first day of the term, go there and make his motion to have the case advanced and heard, prepare his brief, submit it to the court, and it can be decided within 10 days from the second Monday in October.

The court has found this trouble in these cases: that where a case is not remanded, the court goes on and exercises jurisdiction, and it comes upon a writ of error afterwards, but in cases where it is remanded the federal courts suspend and do nothing at all. Our court has felt the necessity of bringing that class of cases within the rule of advancement, so that they are advanced and heard out of their order always, when the party against whom the judgment is rendered takes the necessary steps to have it reversed; so it is with less hesi-

tation that we order the remanding of this case, from the fact that by the first day of November Mr. Seligman can have the question decided by the supreme court of the United States whether we shall change this order or not.